```
1              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
2                       CENTRAL DIVISION

3   UNITED STATES OF AMERICA,

4                   Plaintiff,

5    v.                              No. 4:19CR00498 BSM

6                                    October 25, 2022
                                     Little Rock, Arkansas
7                                    12:56 PM
    DEMARCUS GEORGE,
8
                    Defendant.
9

10             TRANSCRIPT OF SENTENCING HEARING
             BEFORE THE HONORABLE BRIAN S. MILLER,
11                 UNITED STATES DISTRICT JUDGE

12                    _____

13  APPEARANCES:

14  On Behalf of the Government:

15      MS. KRISTIN BRYANT, Assistant U.S. Attorney
        MS. ALLISON BRAGG, Assistant U.S. Attorney
16        U.S. Attorney's Office
          425 West Capitol Avenue, Suite 500
17        Post Office Box 1229
          Little Rock, Arkansas  72201-1229
18

19  On Behalf of the Defendant:

20      MS. MOLLY K. SULLIVAN, Attorney at Law
          Federal Public Defenders Office
21        1401 West Capitol Avenue, Suite 490
          Little Rock, Arkansas  72201
22

23

24      Proceedings reported by machine stenography; transcript
    prepared utilizing computer-aided transcription.
25
```

Karen Dellinger, RDR, CRR, CCR
United States Court Reporter
Karen_Dellinger@ARED.uscourts.gov (501)604-5125

1       (Proceedings commencing in open court at 12:56 PM.)
2               THE COURT:  This is a case of United States of
3   America versus DeMarcus George.  The case number is 19CR498.
4   Mr. George is in the courtroom with his lawyer, Molly Sullivan,
5   and the United States is being represented by Kristin Bryant
6   and Allison Bragg.  Is there any reason for an in-camera
7   discussion before we get started?
8               MS. BRYANT:  Yes, Your Honor.
9               THE COURT:  You can come to the bench.
10      [In Camera Under Seal hearing held; transcribed under
11  separate cover.]
12              MS. SULLIVAN:  Your Honor, could we take a brief
13  recess?
14              THE COURT:  We can.  I'm going to step back and when
15  you need me, just let me know.
16      (Recess from 1:05 PM until 1:20 PM.)
17              THE COURT:  Now, we had a discussion here at the
18  bench.  Is there anything else we need to take up in camera
19  before we proceed to sentencing?
20              MS. BRYANT:  Not from the United States.
21              MS. SULLIVAN:  No, Your Honor.
22              THE COURT:  It's my understanding from
23  Ms. Bichlmeier that we're going to proceed today, that we're
24  not going to recess and come back?
25              MS. BRYANT:  Yes, Your Honor.

1       MS. SULLIVAN:  That's correct.
2       THE COURT:  Okay.  Mr. George, the information I
3  have in front of me indicates that on November 10th of 2021,
4  you entered a plea of guilty to Count 1 of the superseding
5  information that charged you with conspiracy to commit sex
6  trafficking of a minor.  You've been represented by the federal
7  public defender's office and Ms. Sullivan specifically.  Are
8  you satisfied with the legal representation she's given you so
9  far?
10      THE DEFENDANT:  Yes.
11      THE COURT:  And when you entered your plea of guilty
12 I probably told you that the probation office was going to go
13 out and perform a presentence investigation and prepare a
14 report.  I have a report that is dated December 28th of 2021.
15 It was revised on February 4th of 2022, and then revised again
16 on October 6th of 2022.  Have you had a chance to sit down with
17 Ms. Sullivan and go over this report with her?
18      THE DEFENDANT:  Yes.
19      THE COURT:  Ms. Sullivan, I know you had some
20 objections.  But do you have any remaining objections?
21      MS. SULLIVAN:  Your Honor, we have no remaining
22 objections.  And the one that we had, we withdrew.
23      THE COURT:  Does the government have any objections?
24      MS. BRYANT:  No, Your Honor.
25      THE COURT:  I'll adopt the report of October 6th of

1   2022.  Mr. George, I think I probably told you when you entered
2   your plea of guilty that in the federal system we have our law
3   that tells me what the minimum and maximum sentences are that I
4   can give you.  I have to give you a sentence within the range
5   provided by the law.  In addition to the law, we have
6   sentencing guidelines that help me determine what an
7   appropriate sentence is.
8        I am not required to give you a sentence within the range
9   provided by the guidelines as long as I give you a sentence
10  within the range provided by the law.  Do you understand that?
11            THE DEFENDANT:  Yes.
12            THE COURT:  With regard to the law, the information
13  I have indicates that you have a base offense level of 34, that
14  you receive a two-point increase because the minor in question
15  was in your supervision, which brings us to a 36.  You receive
16  a two-point increase because the offense involved the
17  commission of a sex act, which brings you to a 38.  You receive
18  a two-point reduction for acceptance of responsibility.  And
19  does the government move for a third point?
20            MS. BRYANT:  We do, Your Honor.
21            THE COURT:  That brings us to a total offense level
22  of 35.  You have nine criminal history points which results in
23  a criminal history category of IV.  Someone who has a total
24  offense level of 35 with a criminal history category of IV has
25  a sentencing range of 235 months to 293 months of imprisonment,

1  a fine of $40,000 to $250,000.  The guideline range for
2  supervised release is not less than five years, so from five
3  years to life.  And probation is not authorized by the
4  guidelines.  And there's a mandatory 100-dollar special penalty
5  assessment.  Do you understand that?
6        THE DEFENDANT:  Yes.
7        THE COURT:  Now, Ms. Sullivan, other than what we
8  discussed at the bench, do you have any other variance or
9  departure argument?
10       MS. SULLIVAN:  No, Your Honor.
11       THE COURT:  Do you want to make an argument for what
12 an appropriate sentence is?
13       MS. SULLIVAN:  I do, Your Honor.
14       THE COURT:  You can do that now.
15       MS. SULLIVAN:  Your Honor, per our agreement with
16 the government, incorporating the addendum in this case, we
17 believe as does the government, per the agreement, that a
18 sentence within that range we've agreed to is appropriate in
19 light of the factors enumerated in 18, United States Code,
20 Section 3553(a).  It has been, no doubt, the most complicated
21 case I've handled in almost 14 years in this office.  We've
22 spent a lot of time working on -- all of us in this courtroom
23 or at these tables have spent a lot of time working on it and
24 throughout the course of that work, the investigation,
25 interviews, going through thousands of pages of discovery, we

1   came to the agreement based on the things outlined in the
2   presentence report and outlined in the documents in this case
3   the Court has, particularly the plea agreement and addendum,
4   that that guideline range is appropriate.
5        This case, the facts are gut wrenching, there's no
6   question about that. But because of the things that happened
7   in this case and the developments, we did reach this agreement
8   and believe that it is appropriate and would ask the Court to
9   consider imposing that sentence. For the reasons set forth
10   previously, we do believe it is appropriate and we would ask
11   the Court to recommend Bureau of Prisons placement in Forrest
12   City as well as any educational and vocational programming
13   available to Mr. George, mental health counseling, and anything
14   else the Court believes is appropriate.
15        But we are asking for that sentence for the reasons set
16   forth believing it is appropriate, the government believing
17   that it is appropriate, and we will stick with our
18   recommendation that is outlined in the plea agreement.
19        THE COURT: Ms. Bryant, do you want to respond?
20        MS. BRYANT: Your Honor, we're asking for a sentence
21   of 262 months, which is based on our plea agreement and what
22   we've discussed at the bench, plus multiple other factors
23   including our desire to keep our victim from having to testify.
24   As Ms. Sullivan said, this case is gut wrenching and the things
25   that Mr. George and Mr. Waters did to CT are unspeakable. And

1  I know that high sentences have been thrown around, not just
2  numbers but words.  And I'm still firmly convinced that there's
3  no amount of time that does justice in this case, but I'm
4  comforted by CT's mom's statement where she tells you that
5  she's a fighter and she's a warrior.
6      And we have met with her on multiple occasions to prepare
7  for trial.  And I think Ms. Bragg and I can both attest to
8  that, that they certainly did not break her.  And I think
9  Ms. Bragg and I would both like to thank her mother for the
10 sacrifice that she took in adopting CT.  And just in arriving
11 at the sentence coupled with all the issues that we discussed
12 at the bench, but looking at the 3553(a) factors, the nature
13 and circumstances of this offense.  It's in the discovery, the
14 doctors said they've never seen a little girl with this many
15 STDs.  And just the facts of it, what CT said, and even just
16 what Mr. George admitted to certainly justifies a sentence of
17 262 months.
18     And also looking at Mr. George as a person, his age, his
19 criminal history, again, all I think justify a sentence of 262
20 months, and just for those reasons, we would ask the Court to
21 impose that sentence.
22     THE COURT:  Mr. George, do you want to make a
23 statement before I announce your sentence?
24     THE DEFENDANT:  No, sir.
25     THE COURT:  Let me start by saying I disagree

1  totally with Ms. Bryant.  I disagree.  I understand
2  Ms. Sullivan's point of view.  Ms. Sullivan as the lawyer for
3  Mr. George is trying to save his life.  We know Mr. George's
4  health situation so you don't know how long he has or depending
5  on whether his medication keeps him alive.  But, you know,
6  doing this 14 years, having been with the Court of Appeals for
7  a year and a half and having prosecuted for seven and
8  represented criminal defendants in the past, I've seen a lot of
9  cases.  I've seen a man murder his father and burn him in
10 leaves.  I've seen -- I prosecuted that case.  I prosecuted a
11 case where a man down in Helena killed his two coworkers and
12 stuffed their bodies in the freezer at Pizza Hut.
13       I prosecuted a case where the man had children or got one
14 of his daughters pregnant and he was having sex with three of
15 them.  And it wasn't until the one little girl, I think she was
16 13, told her mother she had an upset stomach and the mother
17 took her to the doctor, that the doctor came out and said
18 you're pregnant and asked who's the father of your child, and
19 she said, my daddy.  And that's how they figured out the daddy
20 was having sex with his daughters.  I could just go through the
21 list.  I've seen -- let me think of some more.  I prosecuted a
22 number of cases where people murdered people.
23       And, you know, I've stood before juries and, actually,
24 I've known at least one occasion, I know I've had several
25 capital murder cases that I prosecuted, but I'm thinking about

1  where I stood in front of the jury and asked to put somebody to
2  death.  I will tell you out of all of those cases, none of them
3  are as heinous as this one.  I would not -- I need to just go
4  resign my commission, hang up my robe, drive back to Helena and
5  be done with this if I let this man walk out of here with 200
6  and something months in prison.
7        This man had sex with a 6-year-old girl who was in his
8  care repeatedly and gave her HIV.  What life did he give to
9  her?  And so it's my point of view.  And the Eighth Circuit may
10 disagree with me because by giving him a sentence above the
11 guideline range, Ms. Sullivan can appeal it.
12       And I came back about two hours ago and re-sentenced a
13 young man who I had sent to prison for a lot longer than what
14 the Eighth Circuit said I was allowed to.  And Mr. Tarver took
15 me up there and got me reversed, and we had to -- Ms. Bragg was
16 on that case, just not long ago, and got me reversed, came down
17 here and got a much better sentence.  And that might happen
18 here.  But given the seriousness of the offense, the nature and
19 circumstances of the offense of pimping and having sex with a
20 6-year-old baby and giving her HIV, I don't think any
21 sentence -- I don't think that a guideline sentence is
22 appropriate, and I think I'm well within my discretion to give
23 the defendant, DeMarcus George, the maximum allowed by law,
24 which is life imprisonment.
25       And that's what I'm going to do.  I'm going to order him

1   to the Bureau of Prisons for life.  Now, what I'm going to do
2   is if he's ever let out for any reason at all, I'm going to
3   order him to life of supervised release.  Now, I can go through
4   the conditions of supervised release if they are required.
5   Does everybody want that?  Because if I'm reversed or if he
6   gets out at some point, I guess there has to be some
7   conditions.  Does anybody want me to walk through those?
8            MS. BRYANT:  I don't, but I think that you probably
9   should.
10           THE COURT:  I'll do it.  I will order him to
11  participate in sex offender treatment, which may include --
12  well, the probation office will set the terms of that
13  treatment.  He'll also have to pay the 10-dollar co-pay for
14  that.  I am going to order him to mental health counseling as a
15  condition of his supervision.  He'll have to pay -- what will
16  happen, Mr. George, is a counselor will assess you and then
17  will give you the treatment that you need and you'll have to
18  pay a 10-dollar co-pay for that.  As far as all the computer
19  monitoring and all that, I am not going to assess all that.
20  I'm going to order that probation provide the state of Arkansas
21  with any information it needs to list Mr. George under the sex
22  predator statutes and sex offender statutes and notification
23  statutes.
24       I'm going to order that Mr. George not possess any visual
25  depictions including photographs, film, video or other types of

1   computer-generated images of any sexual acts.  I'm going to
2   order that Mr. George not be permitted to enter any type of
3   adult book stores, strip clubs, adult sex-themed entertainment.
4   I'm going to order that he not have any direct contact with any
5   children under the age of 18, that he not go to or remain in
6   any place where he knows that children under the age of 18 are
7   present including parks, schools, playgrounds, and childcare
8   facilities.
9        I'm going to order him to participate in a substance
10  abuse treatment program.  I might have said that, but just to
11  make sure.  May include drug and alcohol testing, outpatient
12  counseling, and residential treatment.  I'm going to order him
13  to abstain from the use of alcohol during the course of
14  treatment.  He'll have to pay the co-pay of $10 per session,
15  and all of those co-pays are based on your ability to pay.  I'm
16  also going to order him to pay the 100-dollar special
17  assessment.  I'm not going to impose a fine and I am going to
18  order him to cooperate in the collection of DNA.  I think
19  that's all the conditions I have.  Are there any others that
20  are requested?
21            MS. BRYANT:  No contact with the victim.
22            THE COURT:  I'll order him not to have contact with
23  CT.  As far as where he serves his time, I'll recommend the FCC
24  Forrest City.  And Mr. George, if you want to appeal, which I'm
25  sure you will -- first, let's do this, Ms. Sullivan.  State

1   your objections just so we make a record that you object to the
2   sentence and the grounds for the objection.
3           MS. SULLIVAN:  Your Honor, I object to the sentence
4   of life imprisonment.  As per the terms of our plea agreement,
5   it's outside the advisory sentencing guideline range which we
6   realize is advisory, but of course is where the guidelines kind
7   of land as far as what an appropriate sentence is.  Also object
8   because of the terms in the addendum and the potential
9   difficulties it will cause in other cases, not this case, but
10  in the future, so we just make that objection.
11          THE COURT:  I'll even make another objection for you
12  just so you preserve it, and that's that the sentence above the
13  guideline range is unreasonable.
14          MS. SULLIVAN:  Thank you, Your Honor.
15          THE COURT:  I'll overrule you on all those.  Now, is
16  there anything -- well, Mr. George, like I said, you have 14
17  days in which to appeal.  If you choose to appeal, but you
18  cannot afford it, you can ask to file your appeal in forma
19  pauperis.  And if it's determined you cannot afford it, you'll
20  be allowed to pay it in installments, pay your filing fee in
21  installments or your filing fee will be waived.  And I'm not
22  sure that it works like that, Ms. Sullivan, if he's represented
23  by the FPD, but I'm still going to give that.  And if you
24  cannot afford a lawyer on appeal, one will be appointed to
25  represent you, but the main thing is if you choose to appeal,

```
1    you have to appeal within 14 days.  Do you understand?
2              THE DEFENDANT:  Yes.
3              THE COURT:  Is there anything else we need to take
4    up on this case?
5              MS. BRYANT:  I think you covered -- I think you said
6    the 100-dollar special assessment, but I just wanted to make
7    sure that didn't get lost.
8              THE COURT:  I did.
9              MS. BRYANT:  Thank you, Your Honor.
10             MS. SULLIVAN:  Nothing further.
11             THE COURT:  Let's get ready for our next hearing.
12   We'll stand down.
13         (Proceedings adjourned at 1:37 PM.)
14                      REPORTER'S CERTIFICATE
15      I certify that the foregoing is a correct transcript of
16   proceedings in the above-entitled matter.
17
18
19   /s/ Karen Dellinger, RDR, CRR, CCR
     ------------------------------------        Date: November 17, 2022
20   United States Court Reporter
21
22
23
24
25
```